**NOT FOR PUBLICATION**                                    **CASE CLOSED**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| AMJAD ABUKWAIK, A76-545-666<br><br>                    Plaintiff,<br><br>v.<br><br>PETER D. KEISLER, Acting Attorney General of the United States; MICHAEL CHERTOFF, Secretary for the Department of Homeland Security; THE UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES ("USCIS"); EMILIO T. GONZALEZ, USCIS Director; JOHN THOMPSON, USCIS Newark, New Jersey District Director; ROBERT S. MUELLER, III, Director, Federal Bureau of Investigations<br><br>                    Defendants. | Civil Action No. 07-04699 (SDW)<br><br>**OPINION and ORDER**<br><br>October 23, 2007 |

**WIGENTON**, District Judge.

Plaintiff Amjad Abukwaik ("Plaintiff") filed his Petition for Hearing on Naturalization Application and Complaint for relief under the Mandamus Act, 28 U.S.C. § 1361, the Administrative Procedures Act ("APA"), 5 U.S.C. § 555(b) et seq., the Immigration and Naturalization Act ("INA") § 336(b), 8 U.S.C. § 1447(b), 5 U.S.C. § 701, and the Equal Access to Justice Act ("EAJA"), as amended 5 U.S.C. § 504 and 28 U.S.C. § 2412 (collectively "Plaintiff's Application"). This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1361 and 2201 et seq. Plaintiff seeks declaratory judgment and adjudication of his naturalization application, as well as attorney's fees and costs. Defendants have not been served as of this date.

1

The Court, having considered Plaintiff's submission and decided this matter *sua sponte* without oral argument pursuant to Federal Rule of Civil Procedure 78, and for the reasons set forth below, remands this matter to Citizen Immigration Services ("CIS") with instructions, denies Plaintiff's request for attorney's fees and costs under the EAJA, and dismisses all other requests for relief.

**DISCUSSION**

A lawful permanent alien is eligible for naturalization as a United States citizen if he: (1) satisfies the five-year statutory residency requirement; (2) has resided continuously in the United States from the date of application to the time of admission as a citizen; and (3) is of good moral character. 8 U.S.C. § 1427(a). To become a citizen, the applicant must file an application for naturalization (Form N-400). 8 U.S.C. § 1445(a); 8 C.F.R § 334.2. CIS must then conduct a background investigation, including a review of all pertinent immigration and police records and a neighborhood investigation. 8 U.S.C. § 1446(a); 8 C.F.R. § 335.1. Lastly, the applicant must be interviewed by an examiner. 8 U.S.C. § 1446(d). During this interview the applicant must successfully complete testing with regard to the statutory requirements of English proficiency and knowledge of United States history and government. 8 U.S.C. § 1423(a). It is significant that CIS has adopted a regulation requiring that an initial examination on an applicant's naturalization application occur *only after* CIS has received a definite response from the FBI that a full criminal background check, called the name check ("check"), has been completed. 8 C.F.R. § 335.2(b). Further, "a decision to grant or deny the application shall be made at the time of the initial examination of the applicant for naturalization under § 335.2." 8 C.F.R. § 335.3.

Plaintiff has been a lawful permanent resident since 2001. He was interviewed and passed his examination on November 5, 2005, but is awaiting final determination of his

naturalization application. Plaintiff argues that Defendants have violated 8 U.S.C. § 1447(b) because more than 120 days have lapsed since his examination and no adjudication has been made as to his application. The relevant statute provides:

> If there is a failure to make a determination under section 1446 of this title before the end of the 120-day period after the date on which the examination is conducted under such section, the applicant may apply to the United States district court . . . for a hearing on the matter. Such court has jurisdiction over the matter and may either determine the matter or remand the matter, with appropriate instructions, to the Service to determine the matter.

8 U.S.C. § 1447(b).

Plaintiff contends the 120-day period has been violated as no timely determination has been made on his application and this Court therefore has jurisdiction. Further, Plaintiff seeks relief under the Mandamus statute, which provides this Court with jurisdiction to compel CIS to perform its duties and process his naturalization application, including performance of the check. With regard to the APA, Plaintiff contends CIS is required to carry out its duties within a reasonable time and that the delay in processing his application for naturalization is unreasonable and well beyond the normal processing time frame and the processing time specified by law. Under 28 U.S.C. § 1361, "[t]he district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to plaintiff." The APA provides that "[w]ith due regard for the convenience and necessity of the parties or their representatives and within a reasonable time, each agency shall proceed to conclude a matter presented to it." 5 U.S.C. § 555(b).

Although this Court is empowered to either determine Plaintiff's Application or remand it with appropriate instructions pursuant to 8 U.S.C. § 1447(b), the Court notes that all stages of the application process must be complete to trigger the 120-day period. The issue of whether the

120 days tolls at the initial examination or upon completion of the check was recently addressed by the Honorable Stanley R. Chesler, U.S.D.J., in <u>Kheridden v. Chertoff</u>, No. 06-4762, 2007 WL 674707 (D.N.J. Feb. 28, 2007). However, there is no Third Circuit Court of Appeals decision on this issue in our district. Whether this Court has jurisdiction over this matter depends on the statutory meaning of the term "examination" as used in 8 U.S.C. § 1447(b). Plaintiff argues that this Court has subject matter jurisdiction because the November 5, 2005 interview constituted that examination and more than 120 days have passed since that time. This Court finds that "examination" refers to a specific event, the applicant's interview with CIS, rather than the ongoing process.

Most districts addressing this issue have so concluded. <u>Kheridden</u>, 2007 WL 674707, at *3 (citations omitted). <i>See, e.g.</i>, <u>Yang v. Chertoff</u>, No. 07-0241, 2007 WL 1974943 (S.D. Cal. July 2, 2007) (remanding to CIS with instructions to determine naturalization application within 120 days); <u>Al-Mohammed v. United States Citizenship and Immigration Service</u>, No. 07-10732, 2007 WL 2004866 (E.D. Mich. July 9, 2007) (remanding to CIS with instructions to determine naturalization application within 120 days). Any requirement that the check be conducted before naturalization can occur is of no moment since this Court can mandate that CIS take specific action in the alternative of determining the application itself. In the instant matter, over 120 days have elapsed since Plaintiff's November 5, 2005 examination. In light of these determinations, this Court has proper subject matter jurisdiction. 8 U.S.C. § 1447(b); <u>Kheridden</u>, 2007 WL 674707, at *3; <u>Perry v. Gonzales</u>, 472 F. Supp. 2d 623, 630 (D.N.J. 2007); <u>El-Daour v. Chertoff</u>, 417 F. Supp. 2d 679, 683 (W.D. Pa. 2005).

Pursuant to 8 U.S.C. § 1447(b), Plaintiff requests this Court adjudicate his naturalization application. This Court will not adjudicate Plaintiff's application as the FBI check has not been

4

completed and is presumed to be ongoing. This component is an integral part of the process of naturalization and especially necessary against in a post-9/11 era. The check is also statutorily required, pursuant to 8 U.S.C. § 1446(a). This Court is not equipped to conduct such a check and to adjudicate the application without this integral component would be contrary to law. Nevertheless, this Court is concerned that this process is being delayed by the failure to conduct the check, as Plaintiff's application has been pending over two years. This is the approximate time frame considered in *Kheridden* and the delay makes a remand with instructions warranted. 2007 WL 674707, at *1. Therefore, at this juncture, this Court will remand this matter to CIS with instructions to use its best efforts to determine the status of Plaintiff's check and expedite this process. Once CIS receives the results of the check, it is directed to make a decision on Plaintiff's application as expeditiously as possible, but no later than 60 days after receipt of the check results. Plaintiff shall be permitted to renew his application before this Court if the check has not been concluded within 180 days. This Court will retain jurisdiction to consider alternative remedies, if necessary. The Court denies Plaintiff's request for attorney's fees and costs under the EAJA, and dismisses all other requests for relief.

## **CONCLUSION**

For all the reasons set forth above, the Court remands this matter to CIS for completion of the FBI check, denies Plaintiff's request for attorney's fees and costs under the EAJA, and dismisses all other requests for relief.

**SO ORDERED.**

s/Susan D. Wigenton, U.S.D.J.